T.C. Summary Opinion 2012-87

UNITED STATES TAX COURT

DORA MARGARET BENSON, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14010-11S.                    Filed September 5, 2012.

Dora Margaret Benson, pro se.

<u>Sara Jo Barkley</u> and <u>Robert A. Vara</u>, for respondent.

SUMMARY OPINION

SWIFT, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,699 in petitioner's 2009 Federal income tax and a $539 accuracy-related penalty under section 6662(a). The issues for determination are (1) whether petitioner's activities were engaged in with a profit objective under section 183; (2) whether petitioner adequately substantiated her claimed business expense deductions; and (3) whether imposition of the accuracy-related penalty under section 6662(a) is appropriate.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Colorado.

Before 2000 petitioner, who is a mother, worked as a nurse. In April 2000 petitioner won a $10 million lottery jackpot. Instead of receiving $10 million in installments over 30 years, petitioner opted to receive a lump-sum payment of $4 million. After taxes, petitioner received $2.7 million. A month after winning the lottery petitioner retired from her job as a nurse.

Later in 2000 petitioner purchased a building for $165,000 at 2801 Columbine Street in Denver, Colorado (memorial building). One purpose for

petitioner's purchase of the memorial building was to use it in a manner that would honor her deceased mother.

The memorial building had eight rooms plus a kitchen, a reception room, and a bathroom. Petitioner converted one of the rooms into a Christian reading and prayer room. Petitioner allowed her brother to use one room to play computer games. Petitioner converted another room into an office for use by others. Petitioner used another room to provide reflexology treatments to members of the local community. The last four rooms were used as a small conference room, a powder room, a laundry, and petitioner's office.

In 2001 petitioner took a class to become a mortgage loan broker and began offering mortgage loan services and reflexology treatments in two of the rooms in the memorial building. Petitioner, however, never brokered a single mortgage, and only on occasion did she charge individuals for reflexology treatments she provided.

From 2001 through 2009 petitioner allowed individuals from the community to use several of the offices in the memorial building without charge.

From 2001 through 2009 petitioner's receipts from reflexology services she provided did not exceed $800 annually.

In 2002 petitioner incorporated Benson Exposition, Inc., as a Colorado subchapter S corporation (Benson Exposition) in an apparent attempt to bring some organization and management to her activities. Petitioner, however, had no meaningful business experience and was completely naive about business practices and taxes.

Petitioner and Benson Exposition did not maintain books and records, did not have a business plan, and failed to use a business adviser.

No Federal income tax return (information or otherwise) has ever been filed on behalf of Benson Exposition. For 2002 through 2009 any income and expenses of Benson Exposition were reported on Schedules C, Profit or Loss From Business, filed with petitioner's individual Federal income tax returns.

On Schedule C of her 2009 Federal income tax return, petitioner reported zero income but expenses of $26,441 relating to her activities in the memorial building and to Benson Exposition, including her reflexology and mortgage loan activities.

In 2008 this Court issued an opinion regarding Federal income tax issues relating to petitioner for 2002 and 2003 similar to those involved herein. We determined that petitioner did not conduct her activities in the memorial building with a profit objective, and we disallowed deductions for all of the business-

related expenses petitioner claimed. See Benson v. Commissioner, T.C. Summary Opinion 2008-29. Respondent did not determine a penalty against petitioner with regard to her liabilities for 2002 and 2003.

In late 2009 petitioner ceased all of her activities relating to reflexology and mortgage loans.

In March 2010 petitioner sold the memorial building for approximately $150,000 and dissolved Benson Exposition.

On audit for 2009 respondent disallowed deductions for all of the business expenses petitioner claimed relating to her activities in the memorial building and to Benson Exposition for lack of a profit objective and for lack of substantiation.

## Discussion

In general, the Commissioner's determination in a notice of deficiency is presumed correct. Rule 142(a); Welch v. Helvering, 219 U.S. 111 (1933). Petitioner does not contend that the burden of proof should shift to respondent. See sec. 7491(a)(1).

Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during a taxable year in carrying on a trade or business. In the case of an activity not engaged in for profit, section 183 generally limits allowable

deductions attributable to an activity to the extent of gross income generated by the activity. Sec. 183(b).

To be treated as engaged in a trade or business under section 162 a taxpayer must have had an actual and honest profit objective. Hildebrand v. Commisioner, 28 F.3d 1024, 1026-1027 (10th Cir. 1994), aff'g Krause v. Commissioner, 99 T.C. 132 (1992); Helmick v. Commissioner, T.C. Memo. 2009-220. The expectation of profit need not be reasonable; however, the taxpayer must have entered into the activity, or continued it, with the objective of making a profit. Helmick v. Commisioner, T.C. Memo. 2009-220.

Section 1.183-2(b), Income Tax Regs., provides a nonexhaustive list of factors to be considered in determining whether an activity is engaged in for profit. No single factor is dispositive; rather, the facts and circumstances of the case control. See Keanini v. Commissioner, 94 T.C. 41, 47 (1990); see also Keating v. Commissioner, 544 F.3d 900, 904 (8th Cir. 2008), aff'g T.C. Memo. 2007-309. The factors include, but are not limited to: (1) the manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisers; (3) the taxpayer's history of income or losses with respect to the activity; and (4) the amount of occasional profits earned.

Aside from incorporation of Benson Exposition in 2002, petitioner failed to do anything that indicates a profit objective with regard to the memorial building and Benson Exposition. Petitioner and Benson Exposition failed to maintain books and records and had no business plan. Petitioner sought no advice for the conduct of her activities.

The record is devoid of evidence that would suggest petitioner intended to make a profit from her activities in the memorial building and from Benson Exposition. In 2009 petitioner received zero income and apparently provided no services but claimed significant business-related expenses.

We sustain respondent's determination that petitioner did not conduct her activities in the memorial building or operate Benson Exposition with a profit objective in 2009. Petitioner is not allowed the claimed business expense deductions.

On the basis of the above holding, we need not address the substantiation issue regarding petitioner's claimed business expense deductions.

<u>Section 6662(a) Accuracy-Related Penalty</u>

Section 6662(a) and (b)(1) and (2) imposes a penalty equal to 20% of the part of an underpayment attributable to (i) negligence or disregard of rules or regulations or (ii) a substantial understatement of income tax. For purposes of

section 6662(a), negligence constitutes a failure to make a reasonable attempt to comply with the Internal Revenue Code.  Sec. 6662(c).

Section 6664(c) provides a defense to an accuracy-related penalty where a taxpayer acts with reasonable cause and in good faith.  Reasonable cause and good faith are ascertained on a case-by-case basis, taking into account all of the facts and circumstances.  See sec. 1.6664-4(b)(1), Income Tax Regs.

Circumstances that may establish reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in the light of the experience, knowledge, and education of the taxpayer.  Id.

Petitioner was well intentioned and was trying to serve her community.  In spite of the disallowance in her prior case and our disallowance herein of her claimed business expense deductions, on the basis of petitioner's testimony at trial we do not believe she had any intent to underpay her 2009 Federal income tax liability.  Petitioner's lack of business acumen and her obvious good faith provide a

reasonable cause and good faith defense to the determined accuracy-related penalty.

Petitioner is not liable for the accuracy-related penalty.

To reflect the foregoing,

Decision will be entered for

respondent as to the deficiency in tax

and for petitioner as to the accuracy-

related penalty under section 6662(a).